

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-2678
Re: Applicability of Rural Aid Equali-
zation Law to transfer of scholastics
of non-rural aid schools.

We are in receipt of your letter of August 22, 1940, in which you submit the following question to this department for an opinion:

"May school districts which do not receive aid from the Equalization Fund transfer all or any part of their school by contract to an adjoining district as provided for in Article 2699 without securing the approval of the county superintendent as provided for in the above mentioned provision of the Equalization Law?"

Article 2699, Revised Civil Statutes, 1925, reads as follows:

"Except as herein provided, no part of the school fund apportioned to any district or county shall be transferred to any other district or county; provided that districts lying in two or more counties, and situated on the county line, may be consolidated for the support of one or more schools in such consolidated districts; and, in such case, the school funds shall be transferred to the county in which the principal school building for such consolidated district is located; and provided, further, that all the children residing in a school district may be transferred to another district, or to an independent district, upon such terms as may be agreed upon by the trustees of said districts interested."

Section 15 of House Bill No. 933, Acts Forty-sixth Legislature, Regular Session, Special Laws, page 468, the portion of the Equalization Law to which you refer, reads as follows:

"Sec. 15. Transfer of Entire District. On the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the County Superintendent and State Superintendent, the trustees of a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment, or any number of grades thereof, to a convenient school of higher rank, and in such event, all of the funds of the district, including the State aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary may be used in carrying out said agreement."

Article 2699, Revised Civil Statutes, is a part of the general law applicable to school districts generally. House Bill No. 933 is an appropriation of funds for the equalization of educational opportunities throughout the State of Texas, and contains numerous provisions governing the expenditure and allocation of said moneys to various districts applying for aid under the provisions thereof. A careful examination of the title of House Bill No. 933 discloses no statement therein which would give notice, or show an intent on the part of the Legislature, to amend or change the general law set out in Article 2699 so as to require the approval of the County and State Superintendents of transfers of entire districts, where said districts do not come within the provisions of the Rural Aid Appropriation Bill. We think it is clear that by the enactment of Section 15 of House Bill No. 933, the Legislature intended to provide conditions and requirements for the distribution of the funds therein appropriated, and the qualifications and regulations for receiving aid under the Act, and it was not intended to amend the general law set out in Article 26999 applicable to school districts generally.

The Attorney General's opinion digested on page 155 of Hinsley's

Hand Book of Texas School Laws, which reads: "A contract to transfer an entire district must be approved by the County and State Superintendents, (1938)", apparently was written with reference to, and applies to rural aid schools, since said opinion is also digested under the Rural Aid Appropriation Bill, page 782, and we have been unable to find an opinion of this department so ruling, except as applicable to schools subject to the provisions of the Rural Aid Appropriation Act.

It is our opinion that the trustees of school districts, which do not receive aid from the Rural Aid Equalization Fund, may transfer all of their school by contract to an adjoining district, as provided in Article 2699 without the necessity of securing the approval of the County Superintendent or State Superintendent of Public Instructions as provided in Section 15, House Bill No. 933, Acts Forty-sixth Legislature, Regular Session, Special Laws, page 468. Transfer of a portion of the scholastics of a non-rural aid school may be made as provided by Articles 2696, 2697, and 2698, R. C. S., 1925, as amended, and not under the provisions of the Rural Aid Appropriation Law above cited.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Cecil C. Cammack
Cecil C. Cammack
Assistant

APPROVED AUG. 30, 1940

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

CCC:RS:da